IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:21-CR-51 |
| vs. | |
| JARREL JAKEEM JOSEPH, | |
| Defendant. | |

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)**

Pending is the Defendant, Jarrel Jakeem Joseph's, *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)* (Dkt. #34). Joseph seeks a reduction in his term of imprisonment from 36 months to 30 months based on Amendment 821 to the Sentencing Guidelines. The Government filed a response (Dkt. #35) indicating that it is unopposed to a reduction, but asks that the reduction be 32 months, leaving all other aspects of the judgment in place. The Honorable United States District Judge, Michael Truncale, referred this matter to the undersigned on January 2, 2024 (Dkt. #36) for recommended disposition. The undersigned has reviewed Joseph's motion and the Government's response and recommends granting the motion, but leaves the amount of the reduction, if any, to Judge Truncale's discretion.

I.

On June 28, 2021, Joseph pled guilty to one count of receiving a firearm while under indictment, in violation of 18 U.S.C. § 922(n). Joseph's advisory guideline range was 33 to 41 months in prison, based on a total offense level of 19 and a criminal history category of II. (Dkt. #19). At sentencing, Judge Truncale sentenced Joseph to a prison term of 36 months, which

represented 88% of the maximum advisory guideline range. (Dkt. #22.) Joseph's anticipated unadjusted release date is February 15, 2025.

II.

Joseph was sentenced based on an advisory range that was subsequently lowered by the Sentencing Commission on November 1, 2023. *See* U.S. Sent'g Guidelines Manual ("U.S.S.G.") App. C, Amend. 821. Federal law provides that " 'a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified [] except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (first alteration in original). One such "exception to the general rule of finality" is found in 18 U.S.C. § 3582(c):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a person who otherwise has 7 criminal history points or more now receives only 1 "status" criminal history point, instead of 2, while a person who otherwise has 6 criminal history points or less receives no status points. On August 24, 2023, the Commission announced that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Here, Joseph committed the offense while under a criminal justice sentence, and thus he received 2 status points under U.S.S.G. § 4A1.1(d), bringing his total criminal history points to 3, resulting in a criminal history category of II. (Dkt. #19, ¶¶ 27-28.) Under the amended provision, he now receives 0 status points instead of 2, for a total of 1 criminal history point. (*Id.* ¶ 26.) That places him in criminal history category I, which when combined with his total offense level of 19, results in a new guideline range of 30 to 37 months instead of 33 to 41 months.

Joseph asks to reduce his sentence from 36 months to 30 months, which is at the bottom of the new guideline range due to the amended status-points provision. (Dkt. #34.) The Government asks that Joseph's sentence be reduced to 32 months, which is the equivalent (88%) of the original sentence in terms of what was imposed from the original guideline range, and that all other aspects of his sentence remain unchanged. The undersigned defers the amount of the reduction to Judge Truncale.

### III.

The Supreme Court has held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission," and established a two-step approach for the courts to apply in these cases. *Dillon* at 821. At step one, § 3582(c)(2) requires the court

3

to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*. Here, as discussed previously, Joseph's new guideline range is 30 to 37 months of imprisonment (instead of 33 to 41).

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 827. This explanation will be provided in Judge Truncale's order (A.O. Form 247), which will be completed upon adoption of the report and recommendation. All other aspects of Joseph's sentence should remain unchanged.

IV.

Therefore, the undersigned **RECOMMENDS** granting the Defendant's *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)* (Dkt. #34). Judge Truncale should determine the amount of the reduction, if any.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4)

be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge